# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                                                    Case No. 10-30570-WRS
                                                                                         Chapter 7
INNES T. McINTYRE IV,

      Debtor

## MEMORANDUM DECISION

This Chapter 7 case came before the Court for hearing on December 16, 2014, on two motions filed by the Trustee: (1) Motion to Approve Compromise (Doc. 184); and (2) Motion to Sell Property Free and Clear of Liens. (Doc. 186). Objections to both motions have been filed by Branch Banking & Trust Co. (BB&T)(Docs. 190, 191) and ServisFirst Bank. (Docs. 193, 194). Chapter 7 Trustee Daniel G. Hamm was present by counsel Robert D. Reynolds, BB&T was present by counsel Joe A. Joseph, ServisFirst Bank was present by counsel Thomas P. Griffin, Jr., Innes T. McIntyre was present by counsel Jamie A. Wilson and Mitzi McIntyre and McIntyre Land Co., Inc., were present by counsel Scott M. Speagle. For the reasons set forth below, both motions are DENIED.

## I. FACTS

The Court will divide its discussion of the facts into three parts. In Part A, the Court will discuss proceedings in this bankruptcy case, meaning the Chapter 7 case filed by Innes McIntyre, with an emphasis on the two motions which are the subject of contested matter. In Part B, the Court will discuss Adversary Proceeding 10-3029 and how it relates to the Innes McIntyre

bankruptcy proceeding. In Part C, the Court will discuss the objections made by BB&T and ServisFirst Bank and how they interrelate to this bankruptcy proceeding and Adversary Proceeding 10-3029.

**A. The Innes McIntyre Chapter 7 bankruptcy and the motions to settle Adversary Proceeding 11-3097 and to sell the Prattville Square Shopping Center.**

On March 8, 2010, Innes McIntyre filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. (Doc. 1). On September 20, 2010, Innes voluntarily converted his case to a case under Chapter 7. (Doc. 61). Daniel G. Hamm was later appointed Chapter 7 Trustee in this case. In furtherance of his duties as Chapter 7 Trustee, Hamm filed an Adversary Proceeding styled: <u>Hamm v. Innes McIntyre, Mitzi McIntyre and McIntyre Land Co., Inc.</u>, Adv. Pro. 11-3097. The Adversary Proceeding is brought in ten counts, however, a fair summary of that proceeding can be reduced to four elements, which are as follows: (1) a determination that McIntyre Land Company, Inc., is owned by Innes McIntyre and therefore is property of the estate; (2) a determination that the marital residence occupied by Debtor Innes McIntyre and his wife Mitzi is, at least in part, property of the estate in this case; (3) an objection to Innes McIntyre's discharge pursuant to 11 U.S.C. § 727; (4) a money judgment against Mitzi McIntyre on a theory that transfers to her by McIntyre Land were fraudulent conveyances.

Because of the complexity of the Trustee's Adversary Proceeding and the demand for a jury trial made by Mitzi, the Bankruptcy Court did not have jurisdiction to hear all of the claims made by the Trustee. Those issues triable before a Bankruptcy Judge were scheduled for trial on

November 17, 2014, with the remainder of the issues to be tried in the District Court later. The parties to the Adversary Proceeding announced that they had reached a settlement during a pretrial hearing. As the Trustee's power to settle is subject to approval by the Court, after notice to creditors with an opportunity to be heard, the agreement did not terminate the Adversary Proceeding. See, Rule 9019, Fed. R. Bankr. P.

On November 12, 2014, the Trustee filed a Motion to Approve Compromise (Doc. 184) and a Motion to Sell Property Free and Clear of Liens. (Doc. 186). The proposed settlement agreement contains three distinct pieces which are linked. That is, if any part of the settlement is not approved, there is no deal. The agreement may be summarized as follows:

1. Defendants Innes and Mitzi McIntyre will concede that McIntyre Land is property of the estate in this case.

2. Innes[1] and Mitzi will purchase the Prattville Square Shopping Center, which is owned by McIntyre Land, from the estate for $740,000, free and clear of all liens and encumbrances, including the mortgages held by BB&T and ServisFirst Bank.

3. Innes and Mitzi will pay an additional $180,000 to the Trustee to settle all remaining claims.

In return for this, the Trustee will agree to a dismissal, with prejudice, of Adversary Proceeding 11-3097. This would mean that Innes would get his Chapter 7 discharge, the marital

---

[1] In theory, Innes does not have a significant amount of money because he is in bankruptcy. Presumably, the money is coming from Mitzi, however, the agreement is cast in the form that both Innes and Mitzi intend to purchase the Prattville Square Shopping Center. When a debtor in a Chapter 7 bankruptcy proposes to buy property of the estate from the Trustee, the question of where the money comes from is implicated.

3

residence would not be taken, Mitzi would not be exposed to liability for fraudulent conveyances and that the McIntyres would not be at risk for further claims from the Trustee.

### B. Adversary Proceeding 10-3029 and the purported "collateral swap"

Adversary Proceeding 10-3029 was filed on April 15, 2010, and has gone through a number of iterations regarding claims and parties. At bottom, it is a dispute between McIntyre Land and ServisFirst Bank on the one hand and BB&T and Trustee Hamm on the other. The undersigned tried the matter on January 26, 2012. On May 30, 2012, the undersigned Filed Proposed Findings of Fact and Conclusions of Law. (10-3029, Doc. 154). McIntyre Land has filed objections to the Proposed Finds and Conclusions. (Docs. 158). Those objections are currently pending before the District Court.

The Proposed Findings and Conclusions set out the facts of the dispute in 10-3029 in detail. (10-3029, Doc. 154). A brief summary will suffice here. As of December of 2006, Innes McIntyre was the President of both McIntyre Land and McIntyre Building. At that time, McIntyre Land owned the Prattville Square Shopping Center, subject to a mortgage in favor of BB&T. McIntyre Building owned a parcel of land consisting of 165 acres which was not encumbered by a mortgage. Innes asked the Bank to "swap" the collateral. That is, he wanted Prattville Square to be released from the mortgage and in its place, the 165 acres of unimproved land was to be mortgaged to the Bank to secure its indebtedness. On December 22, 2006, Bill Renfroe, who was then a Vice President for the Bank wrote Innes purportedly agreeing to the collateral swap, provided certain conditions were met.

4

Case 10-30570    Doc 197    Filed 12/23/14    Entered 12/23/14 14:46:29    Desc Main
Document      Page 4 of 11

The collateral swap did not get done. It was determined by the undersigned that BB&T holds a first mortgage on Prattville Square and and ServisFirst is in the second position. (10-3029, Doc. 154). While the undersigned is of the view that he resolved the dispute by his Proposed Findings and Conclusions which were entered on May 30, 2012, the matter is still pending before the District Court and subject to appeal by any aggrieved party. While the BB&T mortgage is still pending litigation, there is no dispute that the ServisFirst mortgage is valid and that it is owed $1,250,000 plus several years interest. As the balance owed on the ServiceFirst mortgage exceeds the proposed purchase price, the dispute concerning the validity of the BB&T mortgage is not material to the estate. In other words, no matter how the dispute is resolved, there would be no equity for the estate.

### C. The objections of BB&T and ServiceFirst Bank

BB&T and ServisFirst object on a number of grounds. (Docs. 90, 91, 93 and 94). First, they contend that the Prattville Square Shopping Center is not property of the estate in this case and for that reason cannot be sold pursuant to 11 U.S.C. § 363. Second, they contend that there is no valid business reason for the sale and that it cannot be sold pursuant to § 363(b). Third, they contend that the price is inadequate. Fourth, they contend that the sale does not satisfy any of the disjunctive conditions of § 363(f) and for that reason, the property cannot be sold free and clear. Fifth, BB&T contends that the proposed sale is improper because it is cast in such a

5

manner so as to defeat their right to credit bid on property. As the Court concludes that the first two objections are well taken, it need not reach the remainder of objections made by BB&T and ServisFirst Bank. As the motion to sell property pursuant to § 363 is denied, it follows that the motion to approve the compromise must also be denied.

## II. LAW

This is an order denying Trustee's motion to compromise and motion to sell free and clear. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This is a final order. The Court will first consider the motion to sell property and second the motion to compromise.

### A. THE TRUSTEE MAY NOT SELL THE PROPERTY PURSUANT TO HIS MOTION FOR TWO REASONS: FIRST, IT IS NOT PROPERTY OF THE ESTATE; SECOND, IT FAILS TO SATISFY THE CONDITIONS OF § 363(b) IN THAT THERE IS NO LEGITIMATE BUSINESS REASON FOR THE SALE.

The Trustee seeks to sell the Prattville Square Shopping Center free and clear of the mortgages of BB&T and ServiceFirst to the McIntyre's for $740,000, pursuant to 11 U.S.C. § 363(b), (f). (Doc. 186). The motion is improper for any number of reasons; the Court will discuss two. First, the Prattville Square Shopping Center is owned by McIntyre Land, which is not in bankruptcy. Until a determination is made that Prattville Square is property of the estate in the Innes McIntyre bankruptcy, it may not be sold pursuant to § 363. Second, even if Prattville

6

Case 10-30570    Doc 197    Filed 12/23/14    Entered 12/23/14 14:46:29    Desc Main
Document    Page 6 of 11

Square was property of the estate–which it is not–it could not be sold pursuant to § 363(b) because there is no valid business reason for the sale.

### 1. The Trustee may not sell the Prattville Square Shopping Center because it is not property of the estate.

To assist the Trustee with his duties to administer the bankruptcy estate, the Bankruptcy Code provides the Trustee the power to sell property of the estate, in some instances free and clear of liens and interests. Section 363 provides, in part, as follows:

> (b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .
>
> * * *
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
>   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
>   (2) such entity consents;
>
>   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
>   (4) such interest is in bona fide dispute; or
>
>   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

7

It is apparent from the plain language of the statute, that the Trustee's power to sell property under § 363 applies only to "property of the estate." § 363(b). It is undisputed here that the Prattville Square Shopping Center is owned by McIntyre Land, which is not a debtor.[2] For this reason, the property in question is not property of the estate and may not be sold pursuant to 11 U.S.C. § 363(b); In re Spain, 103 B.R. 286, 294 (N.D. Ala. 1988)(affirming the ruling of the Bankruptcy Court holding that the subject property never became property of the estate and could not be sold pursuant to § 363); South Motor Company of Dade Co., v. Carter-Pritchess-Hodges, Inc. (In re MMH Automotive Group, LLC), 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008); (finding that subject property was property of the bankruptcy estate and could be sold by the trustee pursuant to § 363(f)); In re Ontiveros, 2006 WL 3922114 (Bankr. S.D. Fla.)(Order entered 12/5/2006)(holding that Chapter 7 Trustee could sell debtor's interest in property). For this reason alone, the Trustee's motion to sell property must be denied.

**2. The Court will not approve the proposed sale because the Trustee has failed to articulate a valid business reason for the sale**

If we assume for the sake of discussion that Prattville Square is property of the estate in this bankruptcy proceeding, the Trustee nevertheless could not sell the property because he has no valid business reason for doing so. The Trustee is not given unfettered discretion to dispose

---

[2] While Trustee and the McIntyres have not put the matter in these terms, they are in effect saying that they will assume, for the purposes of this motion, that Prattville Square is property of the estate, if and only if, they are permitted to purchase the property at the price of their choosing. It is improper to permit such linkage. A given piece of property either is or is not property of the estate. The Bankruptcy Code does not contemplate the kind of game playing that is going on here.

of property of the estate, rather there must be "an articulated business justification" for the sale. Equity Sec. Holders v. Lionel Corp (In re Lionel), 722 F.2d 1063, 1070 (2nd Cir. 1983)(reversing decision of the bankruptcy court approving sale of property which did not have a justifiable business reason); In re Bryan, 2013 WL 4716194 (Bankr. M.D. Ala)(Order entered 9/3/2013)(overruling objections to sale, finding that the trustee had satisfied the business judgment test).

In the case at bar, there is no legitimate business reason for the sale of the property. The estate will not realize anything from the sale of the Prattville Square Shopping Center. In effect, the Trustee is using the property owned by BB&T to settle an unrelated dispute with the McIntyres. The Trustee "negotiated" a price of $740,000, and a settlement of $180,000. By "selling" Prattville Square for $740,000, the Trustee is selling the interests of the Banks–either BB&T or ServisFirst–contrary to their rights as mortgage holders.

A recent decision handed down by Judge Trust in the Eastern District of New York succinctly explains the procedure.

> To aid the trustee in accomplishing his goal of collecting cash to distribute to creditors, Congress empowered a trustee, inter alia, to sell property of the estate outside the ordinary course of business, subject to court approval, and after notice and a hearing, pursuant to § 363(b). 11 U.S.C. § 363(b). Property of the estate may be sold subject to liens, claims and encumbrances under § 363(b), or may be sold free and clear of liens, claims, and encumbrances under § 11 U.S.C. § 363(b), (f). Typically, when a free and clear sale occurs, the secured party is paid from the net proceeds of the sale after real estate commissions and closing costs, the debtor is paid on any allowed exemption claims, and any remaining funds are distributed to the trustee to pay claims allowed in the bankruptcy case. See § 726(a)(1)–(5); In re Messina, 687 F.3d 74, 79 (3d

> Cir.2012). However, a trustee is not required to sell all property of the estate; the trustee may abandon any property of the estate which is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a); Ellis, 2011 WL 61378, at *2.

In re Payne, 512 B.R. 421, 427 (Bankr. E.D.N.Y. 2014). The purpose of § 363 is to enable the Trustee to sell property of the estate for the purpose of making a distribution to creditors. Where there is no equity in the property to benefit the estate, the property should be abandoned, pursuant to § 554. Payne at 427. In the case at bar, the Trustee is attempting to give away the property of BB&T to help it settle an adversary proceeding. This is an abuse of the Trustee's powers and if the sale were approved, would work an injustice on BB&T.

At the December 16, 2014 hearing, counsel for Mitzi McIntyre argued that the Bank's objections should be overruled because they were not a party to Adv. Pro. 11-3097 and that the parties (i.e. Innes, Mitzi and the Trustee) should be able to settle on whatever terms they choose. The argument ignores the reality of the purported settlement. In effect, the Trustee is attempting to settle with Innes and Mitzi and send the bill to BB&T. Not surprisingly, BB&T objects.

It should be noted that BB&T and ServisFirst make a half a dozen separate objections to the sale, all of which appear to have merit. The Court is only addressing the first two for reasons of judicial economy. For example, to decide BB&T's objection that the sale price is inadequate, the parties would have to undertake discovery and the Court would have to have an evidentiary hearing. As two objections discussed above may be reached without an evidentiary hearing there is no need to reach the remaining objections.

## B. THE SETTLEMENT AGREEMENT CANNOT BE APPROVED BECAUSE IT IS PREDICATED ON A SALE OF PROPERTY WHICH IS NOT APPROVED

Because the proposed agreement is predicated on a private sale, which is not approved for the reasons discussed above, the agreement becomes void and cannot be approved. For that reason, the motion to compromise is denied.

## III. CONCLUSION

The Trustee's motion to sell property is denied because the subject property is not property of the estate and for that reason, it cannot be sold pursuant to § 363. Second, there is no valid business reason for the sale. For these reasons, the motion to sell is denied. Because the motion to compromise is contingent upon the private sale of the Prattville Square Shopping Center and because that sale is not approved, it follows that the motion to approve the compromise must be denied.

Done this 23rd day of December, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Lee T. Benton, Attorney for Debtor
Daniel G. Hamm, Trustee
Robert D. Reynolds, Attorney for Trustee
Scott M. Speagle, Attorney for Mitzi McIntyre & McIntyre Land
Joe A. Joseph, Attorney for BB&T
Thomas P. Griffin Jr., Attorney for ServisFirst Bank

11